**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| MARIA SIMMONS as Personal Representative of the Estate of MICHAEL SIMMONS, deceased<br>             Plaintiff(s)<br><br>v.<br><br>ELI LILLY AND COMPANY, NOVO NORDISK, INC, NOVO NORDISK A/S,<br>             Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: 2:26-cv-2020 |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

## IDENTIFICATION OF PARTIES

### Plaintiff(s)

1.      Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Michael Simmons

2.      If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: Maria Simmons as Personal Representative of the estate of Michael Simmons, deceased.

3.      If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): _____.

4.      If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: _____.

### Defendant(s)

5.      Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

X____Novo Nordisk Inc.

X___ Novo Nordisk A/S

X___ Eli Lilly and Company

_____ Lilly USA, LLC

_____ other(s) (identify): _____

2

## **JURISDICTION AND VENUE**

6.  City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Luverne, Alabama

7.  State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Alabama

8.  State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Alabama

9.  City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Alabama

10.  Jurisdiction is based on:

X____  diversity of citizenship pursuant to 28 U.S.C. § 1332

____  other (plead in sufficient detail as required by applicable rules):

_____

_____

11.  The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

United States District Court for the Middle District of Alabama

12.  Venue is proper in the District Court identified in Paragraph 11 because:

X____  a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

_____

## PRODUCT USE

14.     Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

    X     Ozempic (semaglutide)

          Wegovy (semaglutide)

          Rybelsus (oral semaglutide)

          Victoza (liraglutide)

          Saxenda (liraglutide)

    X     Trulicity (dulaglutide)

          Mounjaro (tirzepatide)

          Zepbound (tirzepatide)

          Other(s) (specify): _____

15.     To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

Trulicity  06/2023-01/2024_____

Ozempic 01/2024-02/2024_____

_____

_____

5

**INJURIES AND DAMAGES**

16.     To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

_____ Gastroparesis

X_____ Other gastro-intestinal injuries (specify) Nausea, Malnutrition

_____ Ileus

_____ Ischemic Bowel/Ischemic Colitis

_____ Intestinal Obstruction

_____ Necrotizing Pancreatitis

_____ Gallbladder Injury (specify) _____

_____ Micronutrient Deficiency

X_____ Wernicke's encephalopathy

_____ Aspiration

X_____ Death

X_____ Additional/Other(s) (specify): Confusion, Dizziness, Weakness, Vitamin Deficiency, Creutzfeldt-Jacob Disease, Cardiopulmonary Respiratory Arrest, Progressive Dementia

Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

02/26/2024_--_3/29/2024_____

_____

_____

_____

6

17.     In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

 X     Injury to self

_____ Injury to person represented

_____ Economic loss

 X     Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify): _____

## CAUSES OF ACTION

18.    In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

X    Count I:    Failure to Warn – Negligence

X    Count II:    Failure to Warn – Strict Liability

X    Count III:    Breach of Express Warranty/Failure to Conform to Representations

X    Count IV:    Breach of Implied Warranty

X    Count V:    Fraudulent Concealment/Fraud by Omission

X    Count VI:    Fraudulent/Intentional Misrepresentation

X    Count VII:    Negligent Misrepresentation/Marketing

_____    Count VIII: Strict Product Liability Misrepresentation/Marketing

_____    Count IX:    Innocent Misrepresentation/Marketing

_____    Count X:    Unfair Trade Practices/Consumer Protection (see below)

X    Count XI:    Negligence

_____    Count XII:    Negligent Undertaking

X    Count XIII: State Product Liability Act (see below)

X    Count XIV: Wrongful Death

_____    Count XV:    Loss of Consortium

_____    Count XVI: Survival Action

_____    Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

8

_____

_____

19.     If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a.  Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

    _____

    _____

    _____

    b.  Identify the factual allegations supporting those claims (by subsection, if applicable):

    _____

    _____

    _____

*Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

9

20.     If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act

("PLA") of any jurisdiction as identified in Count XIII above:*

     a.  Indicate the specific statute (including subsections) under which Plaintiff(s)

        is/are bringing such claims:

        Ala. Code Section 6-5-521

     b.  Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent

        failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

        Strict Liability

     c.  Identify the factual allegations supporting those claims:

        See Paragraphs 825-848 in the Master Complaint

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

21.     If pre-suit notice is required by statute, did Plaintiff(s) provide some form of

separate pre-suit notice to Defendant(s)? N/A.  If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: March 27, 2026

By: */s/Calle Mendenhall*
Calle Mendenhall (ASB7985W37E)
FARRIS, RILEY & PITT
The Gray Building
1728 3rd Ave. N.
Birmingham, Al 35203
Tel: 9205) 324-1212
Fax: 9205) 324-1255
cmendenhall@frplegal.com